IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| PIMCO VARIABLE INSURANCE TRUST - HIGH YIELD PORTFOLIO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>PRICEWATERHOUSECOOPERS LLP, JAMES R. BULLOCK, LESLIE W. HAWORTH, HENRY B. TIPPIE, JAMES L. WAREHAM, PAUL R. HUMPHREYS, KENNETH W. WINGER, MICHAEL J. BRAGAGNOLO, and TD SECURITIES (USA) INC.,<br><br>　　　　　Defendants. | Case No. 3:05-CV-597-JFA |

## ORDER OF DISMISSAL

Pursuant to the Stipulation and Agreement of Settlement dated May 16, 2005 (the "Stipulation") between PIMCO Variable Insurance Trust - High Yield Portfolio ("Plaintiff") and PricewaterhouseCoopers LLP ("PwC"), and all capitalized terms used herein having the meanings as set forth and defined in the Stipulation, IT IS HEREBY ORDERED THAT:

1.　The Court has jurisdiction over the subject matter of the Action, the Plaintiff, and PwC.

2.　The Action is hereby dismissed with prejudice and without costs, except as provided in the Stipulation, as against PwC.

3.　Plaintiff and its successors and assigns are hereby permanently barred and

enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action, whether known or unknown, whether under state or federal law, including the federal securities laws, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of any losses sustained by them with respect to any transaction in or related to the Bonds (the "Settled Claims") (but excluding any claims to enforce the terms of the Partial Settlement) against PwC and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns.

4.     PwC and its present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns are hereby permanently barred and enjoined from instituting, commencing or prosecuting all claims, rights, demands, suits, matters, issues or causes of action against the Plaintiff, or any of the Plaintiff's present and former partners, principals, employees, predecessors, successors, affiliates, officers, attorneys, agents, insurers and assigns (including Plaintiff's Counsel), whether known or unknown, whether under state or federal law, and whether directly, indirectly, derivatively, representatively or in any other capacity, arising out of, or relating in any way to the institution, prosecution, or settlement of the Action (but excluding any claims to enforce the terms of the Partial Settlement).

5.     The Court hereby bars all claims by any person against PwC for contribution arising out of the Action and bars all claims by PwC against any person for contribution arising out of the Action, other than a person whose liability has been extinguished by the Partial Settlement, each to the fullest extent permitted by 15 U.S.C. § 78u-4(f)(7) and any other applicable law or regulation.

6.   Neither this Order of Dismissal, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected with them, nor any of the documents or statement referred to therein shall be:

a.   offered or received against PwC as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by PwC with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that had been or could have been asserted in the Action or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Action or in any litigation, or of any liability, negligence, fault, or wrongdoing of PwC;

b.   construed as or received in evidence as an admission, concession or presumption against Plaintiff that any of its claims are without merit or are subject to any infirmities, or that damages recoverable in the Action would not have exceeded the Settlement Amount; or

c.   construed against PwC or the Plaintiff as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial of the Action.

7.   The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

8.   There is no just reason for delay in the entry of this Order of Dismissal

and immediate entry by the Clerk of Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

    IT IS SO ORDERED.

| | |
|---|---|
| May 24, 2005 | s/ Joseph F. Anderson, Jr. |
| Columbia, South Carolina | United States District Judge |